```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Paul Gracey,                    :
        Plaintiff,              :
                                :
        v.                      :      File No. 1:06-CV-134
                                :
Robert Hofmann, Paul            :
Cotton,                         :
        Defendants.             :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 23 and 27)

Plaintiff Paul Gracey, a Vermont inmate proceeding *pro se* and *in forma pauperis*, brings this action claiming that the defendants abruptly stopped providing him psychiatric medication after he allegedly threatened defendant Paul Cotton, M.D. Pending before the Court are Gracey's second motion for appointment of counsel (Paper 23) and his motion to enjoin the Department of Corrections from transferring him to a facility outside of Vermont while this action is pending (Paper 27). For the reasons set forth below, Gracey's motion for appointment of counsel is DENIED, and I recommend that his motion for preliminary injunctive relief also be DENIED.

I. Motion for Appointment of Counsel

The Second Circuit has held that there are several

factors to be considered when deciding whether to appoint counsel for a party proceeding *in forma pauperis*.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).  The threshold consideration is whether the party's position seems likely to be of substance.  Once satisfied of the substantive merit of the case, the Court should assess: 1) the party's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 3) the party's ability to present the case; 4) the complexity of the legal issues; and 5) any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  Id.

As this Court has explained previously, the merits of Gracey's claims are uncertain.  The case is in mid-discovery, with a discovery deadline of June 30, 2007.  The legal issues involved are not particularly complex, and thus far Gracey has been able to clearly present his claims.  As the Court noted in its previous denial of a request for counsel, the complaint plainly sets forth the

factual underpinnings of Gracey's claims, the people involved in the alleged wrongdoing, and the harm that was allegedly suffered as a result of this conduct.  The need for cross-examination of witnesses has not been established, and the Court is unable to say at this time that appointment of counsel would be more likely to lead to a just determination.  The Court is, therefore, reluctant to appoint counsel at this time.

As the case progresses, it may become apparent that Gracey is not able to competently proceed without counsel.  Consequently, he may resubmit a motion for appointment of counsel for the Court's consideration.  His current motion for appointment of counsel (Paper 23), however, is DENIED without prejudice.

II.  <u>Motion to Enjoin Transfer</u>

Gracey has also moved the Court to bar the Vermont Department of Corrections from transferring him out-of-state while this action is pending.  Because Gracey is requesting preliminary injunctive relief, he must satisfy the well-established standard for obtaining such relief.  In order to obtain a preliminary injunction, a plaintiff must show: (1) irreparable harm, and (2) either (a) a

likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the claim as to make it fair ground for litigation, and a balance of hardships tipping decidedly in its favor.  MONY Group, Inc. v. Highfields Capital Mgmt., L.P., 368 F.3d 138, 143 (2d Cir. 2004).  If the plaintiff is a prisoner, the Prison Litigation Reform Act limits the relief available to remedies that are "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

   Here, Gracey has failed to argue that he meets any of the prerequisites for obtaining preliminary injunctive relief.  Specifically, his single-sentence motion does not address the issue of irreparable harm, and the Court anticipates no such harm if Gracey is transferred out-of-state.  Cf. Putnam v. Hastings, 2007 WL 101864, at *4 (E.D. Ky. Jan. 10, 2007) (no irreparable harm where court would retain jurisdiction after prisoner's transfer).  If such a transfer takes place, and if, as a result of the transfer, Gracey is unable to undertake effective

discovery, he may explain the situation to the Court and again apply for appropriate relief.

Such relief will not be granted, however, unless Gracey can also show a likelihood of success or sufficiently serious questions on the merits and a balance of hardships tipping decidedly in its favor. MONY Group, Inc., 368 F.3d at 143.  As stated above, the merits of this case are, at this time, uncertain.  I therefore recommend that his motion to "stay" the Department of Corrections from transferring him out-of-state be DENIED.

## Conclusion

For the reasons set forth above, Gracey's motion for appointment of counsel (Paper 23) is DENIED.  Further, I recommend that Gracey's motion for preliminary injunctive relief in the form a bar on an out-of-state transfer (Paper 27) also be DENIED.

Dated at Burlington, in the District of Vermont, this 2nd day of April, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).